967 So.2d 393 (2007)
Craig SIMS, Appellant,
v.
Wayne MEREDITH and Wanda Meredith and M. Pete McNabb of Northwest Florida, Inc., Garnishee, Appellees.
No. 1D06-5771.
District Court of Appeal of Florida, First District.
October 19, 2007.
Robert O. Beasley and Chris K. Ritchie of Litvak Beasley & Wilson, LLP, Pensascola, for Appellant.
James M. Messer of the Messer Law Firm, P.A., Pensacola, and William R. Mitchell, Pensacola, for Appellees.
BARFIELD, J.
Appellant, Craig Sims, sought to enforce a judgment against Wayne and Wanda Meredith by serving two writs of garnishment on M. Pete McNabb, who Sims believed owed money to the Merediths. The writs were served by certified process servers. McNabb moved to quash service of process on the grounds that such process must be served by a sheriff's deputy. The trial judge agreed and quashed service of both writs. We reverse.
Section 48.021, Florida Statutes (2003) and (2005), provides all process will be served by a sheriff except for initial non-enforceable civil process. A writ of garnishment brings before the court, for the first time, a garnishee believed to hold money or other property of the judgment debtor. Before any enforcement can be had under chapter 77, Florida Statutes (2005), the debtor is entitled to notice and may assert exemptions, the garnishee is afforded an opportunity to answer, and the judgment creditor must obtain a judgment against the garnishee.
Service of a writ of garnishment is an initial non-enforceable civil process. The judgment of the trial court is reversed and the case is remanded to the trial court for further proceedings.
BENTON and THOMAS, JJ., concur.